Andrew P. MacArthur, Esq.
(SBN: 016512007)
VENABLE LLP
1270 Avenue of the Americas
New York, New York 10020
Telephone No.: (212) 503-0657
Facsimile No.: (212) 307-5598

*Attorneys for Plaintiff*

OF COUNSEL:
Damon W.D. Wright, Esq. (*Pro Hac Vice* forthcoming)
Sean T. Phelan, Esq. (*Pro Hac Vice* forthcoming)
VENABLE LLP
Washington, DC
600 Massachusetts Avenue, NW
Washington, DC 20001
Telephone No.: (202) 344-4000
Facsimile No.: (202) 344-8300
DWright@Venable.com
STPhelan@Venable.com

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BOSTON BIOPHARM, INC., a Delaware Corporation,<br><br>    Plaintiff,<br><br>              v.<br><br>DOLCAS BIOTECH, LLC, a New Jersey Limited Liability Company,<br><br>    Defendant. | Civil Action No. 18-cv-12568<br><br>JURY TRIAL DEMANDED<br><br>*DOCUMENT FILED ELECTRONICALLY* |

### COMPLAINT

Plaintiff Boston BioPharm, Inc. ("Boston BioPharm"), by and through undersigned counsel, brings this action against defendant Dolcas Biotech, LLC ("Dolcas") and alleges as follows:

### NATURE OF THE ACTION

1. This is an action for false advertising under the Lanham Act, 15 U.S.C. § 1125(a)(1)(B). Additionally, this action seeks cancellation of U.S. Reg. No. 3,221,204 (BIO-

1

CURCUMIN) for genericness under 15 U.S.C. §§ 1119 and 1064(3) and cancellation of U.S. Reg. No. 3,278,319 (BIO-CURCUMAX) for deceptiveness under 15 U.S.C. §§ 1119, 1052(a), and 1064(3).[1]

## THE PARTIES

2.     Boston BioPharm is a Delaware corporation with its principal place of business at 950 E. State Highway 114, Suite 160, Southlake, TX 76092.

3.     Upon information and belief, Dolcas is a New Jersey limited liability company with a principal place of business at 9 Lenel Rd., Landing, NJ 07850.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over this matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

5.     This Court has personal jurisdiction over Dolcas because it is a resident of this District, is a limited liability company organized and existing under the laws of the State of New Jersey, and maintains its principal place of business in this District. Additionally, Dolcas has transacted substantial business and caused injury to Plaintiff in this District and thus, Dolcas's contacts with the State of New Jersey are sufficient for jurisdiction.

6.     Venue is proper in this District under 28 U.S.C. § 1391(b) as Dolcas is a resident of this District and substantial events giving rise to this action occurred in this District.

---

[1] The parties are engaged in a cancellation proceeding before the Trademark Trial and Appeal Board (No. 92067273) where Dolcas filed a petition to cancel Boston BioPharm's BIOCURC registration (U.S. Reg. No. 5,209,646) and Boston BioPharm counterclaimed to cancel Dolcas's BIO-CURCUMIN registration (U.S. Reg. No. 3,221,204).

**GENERAL ALLEGATIONS**

I.     **BIO-CURCUMIN is Generic**

7.     Turmeric extract possesses many health benefits that make it theoretically valuable as a nutritional supplement or ingredient therefor. In an unprocessed state, however, turmeric extract's poor oral absorption rate leads to a practical problem: decreased ability to enter the body's circulation and have an active effect, diminishing its overall usefulness.

8.     When consumed, turmeric extract undergoes extensive metabolism in the gastrointestinal tract. Much of the turmeric extract is metabolized into curcumin glucuronide and curcumin sulfate, both of which are inactive in the human body.

9.     Various formulations have been developed with the goal of enhancing turmeric extract's oral absorption and ability to enter the body's circulation in order to have an active effect.

10.    Dolcas owns a U.S. trademark registration for BIO-CURCUMIN: U.S. Reg. No. 3,221,204, filed September 21, 2006, for "nutritional supplements in tablets, capsules, powder, soft gel and granule form" in Class 5. **Exhibit A** (U.S. Reg. No. 3,221,204). However, the registered term BIO-CURCUMIN is generic.

11.    The relevant purchasing public understands "CURCUMIN" as the common or class name for turmeric extract. Dolcas acknowledged as much by disclaiming "CURCUMIN" when it registered ENHANCED BIO AVAILABLE CURCUMIN on the Supplemental Register. **Exhibit B** (U.S. Reg. No. 3,697,233). A disclaimer in a registration on the Supplemental Register means that the disclaimed wording is generic. Therefore, Dolcas's disclaimer of "CURCUMIN" in U.S. Reg. No. 3,697,233 acknowledges that the term is generic with respect to

the goods in the registration, namely, "[d]ietary supplements in tablet, capsule, powder and liquid form." *Id*.

12. The relevant purchasing public understands the designation "bioavailable" primarily as the common or class name for the quality of a substance to enter the body's circulation and have an active effect. **Exhibit C** (showing the definition of "bioavailable"). Therefore, the term "BIOAVAILABLE" is generic.

13. Other registrants before the U.S. Patent and Trademark Office have acknowledged that "BIOAVAILABLE" and "CURCUMIN" lack distinctiveness, separately and together, by disclaiming both words.

14. The owner of U.S. Reg. Nos. 3,964,608 and 4,680,405, Indena Spa Corp., disclaimed "BIOAVAILABLE CURCUMIN" in both marks depicted below, attached hereto as **Exhibits D and E**.[2]

  

(Ex. D - U.S. Reg. No. 3,964,608)         (Ex. E - U.S. Reg. No. 4,680,405)

15. The term "bioavailable curcumin" has become a generic designation for turmeric extract that may enter the body's circulation and have an active effect. Screenshots showing the term "bioavailable curcumin" appearing on or in connection with four third-party nutritional supplements are attached as **Exhibit F** hereto (results of an Amazon search for "bioavailable curcumin" and then clicking four products).

---

[2] U.S. Reg. No. 3,964,608 was cancelled on December 29, 2017 after Indena Spa Corp. failed to file an acceptable declaration under Section 71 of the Trademark Act.

16. BIO is an abbreviation for "bioavailable." **Exhibit G**. In the field of nutritional supplements and ingredients therefor, the term BIO has become unmistakably associated with the term "bioavailable."

17. In the context of nutritional supplements and ingredients therefor, the terms BIO and CURCUMIN retain their meanings when combined in the compound mark BIO-CURCUMIN.

18. The term BIO-CURCUMIN has become associated in the minds of purchasers of nutritional supplements as a generic designation for bioavailable curcumin. Dolcas is therefore not entitled to claim exclusive trademark rights in the generic wording BIO-CURCUMIN for the goods claimed in U.S. Reg. No. 3,221,204.

II. **False Advertising – Lanham Act, 15 U.S.C. § 1125(a)**

   A. **BIOCURC**

19. Boston BioPharm is a leading manufacturer of ingredients for nutritional supplements and, through its licensees, a provider of nutritional supplement products. These products include BIOCURC bio-curcumin.

20. As a result of Boston BioPharm's sales, advertising, and promotion, including that of its licensees, BIOCURC bio-curcumin has attained significant consumer awareness and approval.

   B. **Dolcas's Bio-curcumin Products**

21. Dolcas, a competitor of Boston BioPharm, is a manufacturer of ingredients for nutritional supplements under the mark BIO-CURCUMAX (U.S. Reg. No. 3,278,319). BIO-CURCUMAX bio-curcumin is similar in chemical origin to and competes directly with BIOCURC bio-curcumin. Dolcas markets its BIO-CURCUMAX bio-curcumin to the same

consumers who are actual or potential purchasers of Boston BioPharm's BIOCURC bio-curcumin.

22. Dolcas uses BIO-CURCUMIN and BIO-CURCUMAX together, creating the commercial impression that BIO-CURCUMAX provides the "MAX" or maximum amount of bioavailable curcumin. **Exhibit H** (trademark specimen submitted by Dolcas in its July 20, 2017 Combined Declaration of Use/Application for Renewal of U.S. Reg. No. 3,278,319 (BIO-CURCUMAX)).

23. However, Dolcas's BIO-CURCUMAX bio-curcumin product <u>does not provide the maximum levels</u> of bio-curcumin as compared to Boston BioPharm's BIOCURC bio-curcumin, which contains more bio-curcumin than does BIO-CURCUMAX.

24. By naming its product BIO-CURCUMAX, Dolcas necessarily and unequivocally conveys that BIO-CURCUMAX bio-curcumin provides consumers with the maximum amount of bio-curcumin. Consumers place significant value on the bioavailability of curcumin when purchasing nutritional supplements. They immediately recognize an advertising claim promising a supplement's "MAX" strength as a claim of maximal bioavailability when compared to a bio-curcumin product whose name does not contain the word "MAX."

25. Dolcas's claim that its BIO-CURCUMAX bio-curcumin provides the maximally bioavailable amount of curcumin is material in that it is likely to influence consumers' purchasing decisions.

26. The ability of Dolcas's BIO-CURCUMAX bio-curcumin to be available for absorption into blood plasma better than competing products, including BIOCURC bio-curcumin, concerns an inherent quality or characteristic of the product that is undoubtedly important to consumers. Curcumin's usefulness as a nutritional supplement results from its

absorption into the bloodstream, where it exhibits various health benefits via its distribution throughout the body. A nutritional supplement product's ability to be absorbed into the bloodstream more effectively than the competition is something consumers take into account when deciding whether or not to purchase BIO-CURCUMAX bio-curcumin, BIOCURC bio-curcumin, or another curcumin nutritional supplement product.

27. As explained above, because BIO-CURCUMAX bio-curcumin does not provide the maximally bioavailable amount of curcumin, the necessarily implied claim in the name BIO-CURCUMAX is *per se* false.

## COUNT ONE
### Cancellation of U.S. Reg. No. 3,221,204 for Genericness
### 15 U.S.C. §§ 1119 and 1064(3)

28. Boston BioPharm hereby incorporates by reference and realleges the foregoing paragraphs as if fully set forth herein.

29. As explained above, BIO-CURCUMIN is incapable of source designation and is thus generic.

30. Boston BioPharm has been damaged and will continue to be damaged by the continuation of the registration of Dolcas's BIO-CURCUMIN mark because, as a generic term, BIO-CURCUMIN should be freely available for competitors to use. The continued registration of BIO-CURCUMIN bars Boston BioPharm from describing its products using the commonly recognized, generic term for bioavailable curcumin: turmeric extract that may enter the body's circulation and have an active effect.

31. This Court should order the registration of Dolcas's BIO-CURCUMIN mark to be cancelled pursuant to its powers under 15 U.S.C. § 1119 and 15 U.S.C. § 1064(3).

## COUNT TWO
## False Advertising
## Lanham Act, 15 U.S.C. § 1125(a)(1)(B)
## (Monetary and Injunctive Relief)

32. Boston BioPharm hereby incorporates by reference and realleges the foregoing paragraphs as if fully set forth herein.

33. Boston BioPharm and Dolcas are direct competitors in the market for the sale of bio-curcumin supplement products and ingredients therefor.

34. Dolcas has used and continues to use false and misleading descriptions and misrepresentations of fact in commercial advertising and promotion regarding the nature, quality, and performance of its products and those of its competitors. These false and misleading descriptions and misrepresentations of fact have deceived or have the tendency to deceive a substantial segment of the buying audience.

35. Dolcas's product name necessarily suggests and/or implies that the BIO-CURCUMAX bio-curcumin provides the maximum amount of bioavailable curcumin – that is, the maximum amount of curcumin that is able to enter the body's circulation and have an active effect. These superiority claims are false and misleading by necessary implication because other bio-curcumin products, including Boston BioPharm's BIOCURC bio-curcumin, provide significantly more bio-curcumin. The false and misleading statements by Dolcas constitute false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

36. Dolcas willfully causes, and willfully has caused, its false and misleading advertising to enter interstate commerce, including by knowingly making false and misleading claims in its advertising.

37. Dolcas's false and misleading claims are material in that they are likely to influence consumers' purchasing decisions and because they relate to inherent qualities or characteristics of the product.

38. As a direct and proximate result of the wrongful acts of Dolcas alleged above, Boston BioPharm has suffered, and will continue to suffer, substantial damage to its business reputation, good will, and market share.

39. Based on the foregoing, Boston BioPharm is entitled to monetary damages equaling Boston BioPharm's actual damages and/or Dolcas's profits resulting from Dolcas's false advertising, in an amount to be proven at trial, and the costs of the action, pursuant to 15 U.S.C. § 1117. Boston BioPharm is also entitled to an accounting of Dolcas's profits resulting from its Lanham Act violations.

40. Upon information and belief, Dolcas's false advertising is willful, knowing, calculated to deceive, and was undertaken in bad faith. As a result, this Court should determine that this is an exceptional case and award Boston BioPharm its attorneys' fees and costs incurred in prosecuting this action pursuant to 15 U.S.C. § 1117.

### COUNT THREE
### Cancellation of U.S. Reg. No. 3,278,319
### 15 U.S.C. §§ 1119, 1052(a), and 1064(3)

41. Boston BioPharm hereby incorporates by reference and realleges the foregoing paragraphs as if fully set forth herein.

42. As explained above, Dolcas's BIO-CURCUMAX mark consists of and comprises deceptive matter.

43. The mark BIO-CURCUMAX is misdescriptive of the character, quality, and composition of the goods because it deceptively implies that Dolcas's bio-curcumin product contains the maximum amount of bio-curcumin.

44. Prospective purchasers are likely to believe that BIO-CURCUMAX, and its attendant deceptive claim regarding the maximal bioavailability of its curcumin, actually describes Dolcas's bio-curcumin product.

45. The deceptive misdescription inherent in the BIO-CURCUMAX mark is material in that it significantly induces consumers' decisions to purchase Dolcas's bio-curcumin product.

46. Boston BioPharm has been harmed and will continue to be harmed by the continued registration of Dolcas's deceptive BIO-CURCUMAX mark as consumers' purchasing decisions are significantly affected by the mark's intrinsic material deceptiveness.

47. This Court should order the registration of Dolcas's BIO-CURCUMIN mark to be cancelled pursuant to its powers under 15 U.S.C. §§ 1119, 1052(a), 1064(3).

**PRAYER FOR RELIEF**

WHEREFORE, Boston BioPharm prays:

A. For an Order finding that BIO-CURCUMIN is a generic term widely used as a designation for turmeric extract that may enter the body's bloodstream and have an active effect;

B. For an Order pursuant to 15 U.S.C. § 1119 to the Director of the Patent and Trademark Office to cancel U.S. Reg. No. 3,221,204;

C. For judgment that Dolcas has violated 15 U.S.C. § 1125(a) with respect to its BIO-CURCUMAX mark;

D.  For injunctive relief prohibiting Dolcas, its affiliates, representatives, licensees, and all those persons in active concert or participation with it from using the BIO-CURCUMAX mark or anything confusingly similar thereto;

E.  For an Order barring Dolcas from seeking to register BIO-CURCUMAX or anything confusingly similar thereto;

F.  For an Order requiring Dolcas to issue corrective advertising in a form approved by the Court to dispel the serious competitive impact and effect of the false and misleading advertising claims caused by Dolcas;

G.  For an Order pursuant to 15 U.S.C. § 1119 to the Director of the Patent and Trademark Office to cancel U.S. Reg. No. 3,278,319;

H.  For monetary damages to be determined, including Dolcas's profits and Boston BioPharm's losses;

I.  For attorneys' fees and expenses incurred in bringing this action; and

J.  For such other, further, or different relief as this Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff respectfully demands a trial by jury on all issues so triable.

Dated: August 8, 2018  
New York, New York

Respectfully submitted,

By: /s/ Andrew P. MacArthur  
Andrew P. MacArthur, Esq.  
(SBN: 016512007)  
VENABLE LLP  
1270 Avenue of the Americas  
New York, New York 10020  
Telephone No.: (212) 503-0657  
Facsimile No.: (212) 307-5598

OF COUNSEL:

Damon W.D. Wright, Esq.
(*Pro Hac Vice* forthcoming)
Sean T. Phelan, Esq.
(*Pro Hac Vice* forthcoming)
VENABLE LLP
Washington, DC
600 Massachusetts Avenue, NW
Washington, DC 20001
Telephone No.: (202) 344-4000
Facsimile No.: (202) 344-8300
DWright@Venable.com
STPhelan@Venable.com

*Attorneys for Plaintiff*